IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,951-01






EX PARTE KEVIN FERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2012-1653-C1 IN THE 19TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel advised Applicant
incorrectly as to whether he would be eligible for mandatory supervision release. Ex parte
Moussazadeh, 361 S.W.3d 684, 691-92 (Tex. Crim. App. 2012); Tex. Gov't. Code §
508.149(a)(7). Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall make specific findings as to whether counsel
told Applicant that he would be eligible for mandatory supervision, despite a conviction for
aggravated assault. If the court finds counsel erred, it shall make specific findings as to whether there
is a reasonable probability that, but for counsel's errors, Applicant would have insisted on a trial. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 11, 2013

Do not publish